**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paula K. Jeffries, ) | No. CV 12-853-TUC-LAB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Carolyn W. Colvin, Commissioner, Social Security Administration, ) | |
| Defendant. ) | |

Pending before the court is the plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), filed on March 27, 2016. (Doc. 47)

Magistrate Judge Leslie A. Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 19)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). (Doc. 1) In an order issued on December 6, 2013, this court reversed the Commissioner's final decision and remanded for further administrative proceedings. (Doc. 41) On March 5, 2014, this court granted the plaintiff's motion for attorney's fees in the amount of $6,000 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 46) The Commissioner subsequently awarded the claimant benefits. (Doc. 48, p. 3)

1   In the pending motion, the plaintiff's counsel, Patrick R. McNamara, moves for an award
2   of $70,000 in attorney's fees pursuant to a contingent-fee agreement he had with the claimant.
3   (Doc. 48); (Doc. 48-1, pp. 1-2)

5   Discussion
6   In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), the Supreme Court
7   considered the interplay between social security contingent-fee agreements and the dictates of
8   42 U.S.C.A. § 406(b)(1)(A), which reads in pertinent part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C.A. § 406(b)(1)(A).

The Court held "that § 406(b) does not displace contingent-fee agreements." *Id.* at 808, 1829. "[I]nstead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 809, 1829.

When considering a fee request, the court should start with the agreement and then test it for reasonableness. *Id.* at 808, 1828. Recovery may be reduced because of the quality of the representation, because of unreasonable delay, or because "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

In the pending motion, the plaintiff's counsel, Patrick R. McNamara, moves for an award of $70,000 pursuant to the contingent-fee agreement he had with the claimant. (Doc. 48); (Doc. 48-1, pp. 1-2) The actual agreement provides for an award of 25 percent of past-due benefits, which would result in an award of $86,693.75. (Doc. 48, pp. 8-10) Counsel, however, asks for an award of $70,000 which is approximately 20.2 percent of the claimant's past-due benefit award of $346,775. *Id.* Counsel notes that this action has been before the district court three times in total and that three EAJA awards of $4,535.39, $10,000, and $6000 respectively have already been granted. (Doc. 48, p. 15) Counsel acknowledges that the $70,000 award must be offset by the EAJA fees already paid. (Doc. 48)

- 2 -

1   Counsel further explains that the award of $70,000 will result in an effective hourly rate 2 of $604.49, because a total of 115.8 hours of attorney time has been spent on this case. (Doc. 3 48, p. 12)  He argues this rate is reasonable considering the contingent nature of the work, the 4 rates approved by courts in the past, and his non-contingent fee rate, which is $400 per hour. 5 (Doc. 48)

6   Upon review of the case file, the court finds that counsel's prosecution of this action fell 7 within the broad range of competent representation.  The court finds no reason to reduce the 8 award based on the quality of the representation.  Neither did counsel engage in unreasonable 9 delay.  The size of the award is large, but the Ninth Circuit has approved effective hourly rates 10 of $519, $875, and $902 without finding that they are unreasonable.  *See Crawford v. Astrue*, 11 586 F.3d 1142, 1153 (9th Cir. 2009) (Clifton, J., concurring in part and dissenting in part).

12   The Commissioner notes that the plaintiff's counsel, Mr. McNamara, entered this case 13 rather late in the litigation and that most of the attorney hours were expended by the claimant's 14 prior counsel, Phillip Verrette, who is now deceased. (Doc. 49)  Mr. McNamara acknowledges 15 this fact and states for the record that he will be sharing his fee with Mr. Verrette's widow 16 consistent with Mr. Verrette's legal services on this case. (Doc. 48, p. 16)  Accordingly,

18   IT IS ORDERED that the plaintiff's counsel's motion for attorney's fees pursuant to 42 19 U.S.C. § 406(b), filed on March 27, 2016, is GRANTED.  (Doc. 47) Counsel is awarded 20 $70,000.  This amount will be offset by the $20,535.39 previously awarded under the Equal 21 Access to Justice Act (EAJA) resulting in a net award of $49,464.61.

23   DATED this 4th day of May, 2016.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge